## COMMONWEALTH *vs.* AUGUSTUS F. MEAD.

Essex.    February 2, 1891. — February 25, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Evidence — Deed — Registry Copy — Waiver — Exceptions.*

On the issue whether the defendant kept a common nuisance, after evidence that he was in and about a house and there resided for more than two years before March 25, the date the alleged keeping began, that in the September previous he had the house shingled and paid for it, and that during the time alleged he was seen in and about the same, a deed to a person of the same name as he, and describing the premises as situate on the corner of the same streets, is admissible in evidence against him, though executed nine years before.

The objection that a registry copy of a deed is not admissible in evidence without notice to produce the original is waived by placing an objection to its admission on other grounds at the trial, and is not open on a bill of exceptions.

At the trial of a complaint for keeping a common nuisance, evidence that the defendant procured and paid for the shingling of a house, which was the tenement in question, is competent as tending to show ownership or control.

TWO COMPLAINTS, the first for unlawfully keeping intoxicating liquors for sale in Danvers upon June 17, 1890, the second for there keeping a common nuisance, to wit, a tenement used for the illegal keeping and sale of the same, between March 25 and July 7, 1890. The cases were tried together in the Superior Court, before *Sherman,* J., who allowed a bill of exceptions in substance as follows.

There was evidence that intoxicating liquors were kept for sale in a dwelling-house and barn situated at the corner of River Street and Mill Street in Danvers, which was the tenement in question, as alleged in the complaint. On the issue whether the defendant kept such liquor, or was the keeper or proprietor of the premises, there was evidence that the defendant and his brothers were in and about the premises, and had resided there for more than two years before March 25, 1890; and that the defendant was seen in and about the dwelling-house on the premises. A witness for the government was permitted, against the defendant's objection, to testify that in September, 1889, the defendant came to him and asked him to shingle the dwelling-house; and that the witness agreed to do so, and did shingle the house, and the defendant afterwards paid him for the work.

The government, against the defendant's objection, was permitted to produce in evidence a registry copy of a deed, made on April 18, 1881, and duly acknowledged and recorded, to Augustus F. Mead, of " a certain parcel of land with the buildings thereon, situate on the corner of River Street and Mill Street" in Danvers. There was no testimony as to where the original of this copy was, or whether it was in existence, and there was no notice or request from the government to the defendant to produce the original of such copy; but the only objection to the copy of the deed, as stated by the defendant's counsel at the trial, was because there was no testimony that the, grantee named in the deed was the defendant, and no testimony that after the re-- cording of the deed the grantee therein named continued to be the record owner of the premises described therein, and no testimony that the premises described in the deed included the dwelling-house. The brothers of the defendant were not called as witnesses.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*F. L. Evans*, for the defendant.

*A. E. Pillsbury*, Attorney General, for the Commonwealth.

C. ALLEN, J. No objection was taken to trying the two cases together. There was evidence tending to show that the defendant and his two brothers were in and about the premises described, and resided there for more than two years prior to March 25, 1890, the date when the keeping of the alleged nuisance was charged to have begun; that in September, 1889, the defendant procured and paid for the shingling of the house; and that between March 25 and July 7 the defendant was seen in and about the house. This so connected the defendant with the premises that the jury might safely infer that a deed thereof to a person of the same name and residence as the defendant was a deed to him, if there was nothing to show the contrary; and proof of such deed was competent, though executed nine years before. Continued seisin may be inferred, in the absence of proof to the contrary. *Currier* v. *Gale*, 9 Allen, 522. But here was positive evidence in support of a continued seisin and occupation.

The registry copy of the deed would not have been admissible without notice to produce the original, if the objection had been placed on that ground. *Commonwealth* v. *Emery*, 2 Gray, 80. But this was merely a technical ground of objection, which was waived by placing the objection to its admission solely on other grounds. *Hathaway* v. *Tinkham*, 148 Mass. 85, 87.

The evidence that the defendant procured and paid for the shingling of the house was competent, as tending to show ownership or control of it. None of the objections taken by the defendant can be sustained.

*Exceptions overruled.*