Pettingell, J.
Action of tort to recover for personal injuries caused by falling on ice which the plaintiff alleges; *185 the defendant had negligently caused to accumulate upon the sidewalk. There was a finding for the plaintiff.
The defendant filed three requests for rulings but in her brief waives two of these, leaving as the only issue, the denial of the following requested ruling:
“There is not sufficient evidence to warrant a finding that the defendant was in control of the premises numbered 76 Apsley Street, Hudson, Mass., on January 16, 1934.”
The only evidence connecting the defendant with the premises in question was the fact, established by the copy of a will, that her husband had devised to her a life estate in the real estate in question, placing upon her the burden of repairs, maintenance, taxes and insurance. There was evidence that a Mr. Boyd, at a nearby manufacturing plant, had charge of letting and repairing the premises, which consisted of a two apartment house, and that he collected the rent of one of the apartments by deducting it from the wages of the occupant who was employed at the same manufacturing plant. There was no direct evidence that Mr. Boyd was the defendant’s agent, nor any evidence otherwise explaining his relation to the premises.
The defendant argues that the will, which was relied upon by the plaintiff as proof of control of the premises, established merely that the defendant was given a life estate which she was not bound to accept, that by the terms of the will, the devise placed a burden upon her and that she could refuse to accept it. Undoubtedly a devisee may refuse to accept an onerous devise but “until the legatees shall actually renounce their legacies, their assent to the provisions of the will, which are apparently beneficial to them will be presumed.” Stebbins v. Lathrop, 4 Pick. 33, at 43. There was no evidence that the devise placed a burden upon the defendant; the fact that the premises were rented was some *186 evidence that their maintenance and repair, and the payment of taxes and insurance, would not be a burden. It was a devise “apparently beneficial” to her.
The law seems to be that renunciation of a devise is a matter to be proved by the devisee, and that, until so established, acceptance of the devise is presumed. Stebbins v. Lathrop, supra.
“The presumption of acceptance does not operate to vest title to the devised estate in the beneficiary, and is conclusively overcome by any act amounting to a binding renunciation thereof.” Schoonover v. Osborne, 193 Ia. 474; 187 N. W. 20; 27 A. L. R 465, at 470.
“The law does not compel a devisee to accept a devise against his consent. . . . However, the law will presume, in the absence of evidence, that a beneficial devise has been accepted. Unless there is a specific disclaimer or renunciation of such devise by some unequivocal act or a renunciation as provided by statute, the devise vests according to the terms of the will.” Peter v. Peter, 343 Ill. 493; 175 N. E. 846; 75 A. L. R. 890, 893.
It is our opinion that the burden, in the instant case, was upon the defendant to show that the devise was not beneficial or that she renounced it. A devise of rentable real estate cannot be presumed to be burdensome; whether or not it was burdensome is a question of fact as to which there must be proof.
Seisin, when once established, is presumed to continue until the contrary is shown. Currier v. Gale, 9 Allen 522r at 525. In Commonwealth v. Mead, 153 Mass. 284, at 286. such a presumption was held to exist, although the deed relied upon to establish seisin was executed nine years before the act complained of.
It appears that the house on the premises was a two apartment house, that Boyd, who had charge of it, made repairs on it from time to time, and that one of the occupants reported to Boyd the icy condition of the roof which ulti-
*187 mately caused the injury complained of. This was some evidence that the owner retained control of the roof. From the presumptions of the acceptance of the devise and of the continuance of seisin, the trial judge could find that the defendant was that owner.
No prejudicial error appearing, the report is to be dismissed.