# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3526

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeals from the United States |
| | * | District Court for the Northern |
| Gerald W. Oliver, Jr., | * | District of Iowa |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: April 10, 2001
Filed: June 14, 2001

_____

Before LOKEN, Circuit Judge, GOLDBERG[1] and BOGUE,[2] District Judges.[3]

_____

PER CURIAM.

_____

[1]The Honorable Richard W. Goldberg, Senior Judge for the United States Court of International Trade, sitting by designation.

[2]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

[3]Pursuant to 28 U.S.C. § 46(b), the Chief Judge certified the existence of a judicial emergency necessitating the designation of a panel consisting of fewer than two members of the Court of Appeals.

Gerald W. Oliver, Jr. appeals from the denial of his pretrial motion to dismiss the charge of knowingly taking an adult bald eagle and knowingly possessing the body of an immature bald eagle. Oliver entered a condition plea of guilty, reserving the right to appeal. He was sentenced to two years probation and $5,000 restitution. Oliver is an enrolled member of the Rosebud Sioux Tribe and is a practitioner of traditional Sioux faith. He has held a permit from the Fish and Wildlife Service, pursuant to the Bald and Golden Eagle Protection Act (BGEPA), 16 U.S.C. § 668(a), to receive eagle parts since he was fifteen. Oliver claims he has experienced delays of up to three years waiting for parts. He argues these delays led to him illegally obtaining the eagle parts in question.

The district court[4] accepted the magistrate court's decision that the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb, was not violated by the prosecution of Oliver. In so holding, the district court found while Oliver's religious activities were frustrated by the slow process of the permit system, the government demonstrated a compelling governmental interest in preserving the bald eagle population and that the means employed to reach this end were the least restrictive means available for preserving and protecting the eagle population. Young v. Crystal Evangelical Free Church, 141 F.3d 854, 858 (8th Cir. 1998) (quoting the codified compelling state interest/least restrictive means test or RFRA).

This Court finds that the magistrate and the district court correctly applied the test set forth in RFRA and reached the appropriate conclusion that the government had met its burden. It is clear that unrestricted access to bald eagles would destroy legitimate and conscientious eagle population conservation goal of the BGEPA. Oliver has argued a one-man exemption should be made, however, there is nothing so peculiar or special with Oliver's situation which warrants an exception. There are no safeguards

---

[4] The Honorable Judge Mark W. Bennet, United States District Judge for the Northern District of Iowa.

to prevent similarly situated individuals from asserting the same privilege and leading to uncontrolled eagle harvesting.

Lastly, Oliver has argued that the government's interest in protecting bald eagles is no longer compelling because the Fish and Wildlife Service proposed to remove bald eagles from the endangered and threatened species list. The bald eagle has not been removed from the endangered species lists as of this date, therefore, sufficient evidence demonstrating the removal of the compelling governmental interest has not been presented. Any inadequacies in the permit system or the BGEPA must be addressed through Congress and the Fish and Wildlife Service.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.