COMMONWEALTH *vs.* SCYRUS CARTWRIGHT. November 8, 2006. *Trespass. Constitutional Law,* Freedom of religion.

After a trial at which the defendant, a pastor, represented himself pro se, a jury found the defendant guilty on a complaint charging trespassing, in violation of G. L. c. 266, § 120.[1] The defendant appealed and continues to

---

[1] General Laws c. 266, § 120, provides, in pertinent part: "Whoever, without right enters or remains in or upon the dwelling house, buildings . . . of another . . . after

represent himself. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court reversed the judgment and set aside the verdict. *Commonwealth* v. *Cartwright*, 64 Mass. App. Ct. 1112 (2005). We granted the Commonwealth's application for further appellate review and affirm the judgment of conviction.

1. The central issue in the case was whether the complainant, Pastor Jewel Hardmon, had lawful control over the property on which the defendant allegedly trespassed on May 15, 2003. The Appeals Court concluded that the evidence of the defendant's lawful control over the property was "as compelling" as the evidence of Pastor Hardmon's lawful control. The Appeals Court concluded that, had the defendant moved for a required finding, it would have been allowed because the evidence tended equally to sustain either of two inconsistent propositions, neither of them said to have been established by legitimate proof. The Appeals Court added that, viewing the evidence in a light most favorable to the Commonwealth, "a rational trier of fact could not have found that [Pastor Hardmon] was in lawful control of the property beyond a reasonable doubt."

Under the governing standards, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), the Commonwealth's evidence, and reasonable inferences from that evidence, would have permitted a reasonable jury to find that Pastor Hardmon had lawful control. The property is located on Barry Street in the Dorchester section of Boston and contains a small brick building. Although there was evidence that the defendant and his wife previously had owned the property, Pastor Hardmon testified that, in exchange for one dollar, the defendant's wife had conveyed the property to her on October 25, 2002, after the defendant's wife had received the property as part of a divorce settlement. A copy of this deed (transferring the property from the defendant's wife to Pastor Hardmon) was admitted in evidence. At the time the defendant's wife had conveyed the property to Pastor Hardmon, the building on the property was empty. Since acquiring the property, Pastor Hardmon has been responsible for paying all bills (for taxes and utilities) associated with the property. Pastor Hardmon's lawyer recorded the deed in February, 2003. This evidence was sufficient to warrant a conclusion by the jury that Pastor Hardmon lawfully controlled the property. See *Commonwealth* v. *Mead*, 153 Mass. 284, 286 (1891) (defendant's ownership of property could be inferred from deed containing his name and fact that defendant procured and paid for shingling of dwelling on property); *Commonwealth* v. *Averill*, 12 Mass. App. Ct. 260, 263 (1981) (in trespass prosecution, testimony of Boston Edison Company's chief security officer sufficient to permit jury to infer that property belonged to Boston Edison Company and not to defendants).

That the defendant presented some contradictory evidence on the control element did not result in a deterioration in the Commonwealth's case. See *Cramer* v. *Commonwealth*, 419 Mass. 106, 112 (1994). See also *Commonwealth* v. *McGahee*, 393 Mass. 743, 750 (1985) (inconsistences do not render Commonwealth's evidence legally insufficient, but only raise issues of credibility for jury to decide). The defendant's contradictory evidence included his testimony that he owned the property, his hearsay statements that someone at the registry of deeds told him that he owned the property, 2003 tax bills and

having been forbidden so to do by the person who has lawful control of said premises . . . shall be punished by a fine of not more than one hundred dollars or by imprisonment for not more than thirty days or both such fine and imprisonment."

documents in his name, and a document dated October 2, 1994, entitled "Certificate of Acknowledgment" signed by the defendant and his wife that purported to hold the property "in trust for the use and benefit of the members of Lord and Christ Church, Inc." The jury were entitled to discredit the defendant's testimony. In addition, under G. L. c. 59, § 11, tax bills are assessed to a property owner on January 1, regardless of property transfers that later occur (there was evidence that the deed to Pastor Hardmon was not recorded until February of 2003). Finally, there was no proof that the "Certificate of Acknowledgment" was ever recorded, and proof of ownership of the property in 1994 does not necessarily show proof of ownership on May 15, 2003, especially where there is contrary evidence. For deterioration to occur, a defendant must show that the Commonwealth's evidence is "incredible or conclusively incorrect." *Commonwealth* v. *Pike*, 430 Mass. 317, 323 (1999), quoting *Kater* v. *Commonwealth*, 421 Mass. 17, 20 (1995). See *Commonwealth* v. *O'Laughlin*, 446 Mass. 188, 204 (2006). The defendant's evidence fell well short of this requirement.

2. We reject the defendant's contention that his prosecution and conviction under the trespassing statute violate the free exercise clause of the First Amendment to the United States Constitution. See *Employment Div., Dep't of Human Resources of Or.* v. *Smith*, 494 U.S. 872, 878-879 (1990) ("We have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate"); *United States* v. *Acevedo-Delgado*, 167 F. Supp. 2d 477, 480 (D. P.R. 2001) (rejecting defendant's free exercise clause claim because Federal trespassing statute is general and neutral).[2] As such, the judge was not required to inform the jury of the defendant's "First Amendment protection." See *Commonwealth* v. *Wolf*, 34 Mass. App. Ct. 949, 950 (1993). The defendant's cursory references to the free exercise of religion proviso of the Massachusetts Constitution add nothing of substance, and we do not consider them. See *McClure* v. *Secretary of the Commonwealth*, 436 Mass. 614, 615 n.3, cert. denied, 537 U.S. 1031 (2002).

*Judgment affirmed.*

*Scyrus Cartwright*, pro se.

*Joseph M. Ditkoff*, Assistant District Attorney (*Gloriann Moroney*, Assistant District Attorney, with him) for the Commonwealth.

---

[2]The defendant makes no argument under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb (2000), and any such argument would fail. See *United States* v. *Acevedo-Delgado*, 167 F. Supp. 2d 477, 480-481 (D.P.R. 2001) (concluding that prosecuting defendant under Federal trespassing statute does not violate Religious Freedom Restoration Act).